

**www.pbwt.com**

October 3, 2025

Daniel S. Ruzumna
(212) 336-2034
druzumna@pbwt.com

**VIA ECF**

The Honorable John G. Koeltl
United States District Judge
500 Pearl Street, Courtroom 14A
New York, New York 10007

Re:    *Jane Doe 4 v. Indyke et al.*, No. 1:25-cv-07570

Dear Judge Koeltl:

We, along with Hughes Hubbard & Reed LLP, represent Defendants Richard Kahn and Darren Indyke, respectively, in their capacities as executors of the Estate of Jeffrey E. Epstein in the above-captioned action. Pursuant to Your Honor's Individual Practice III.B, Defendants request leave to file a partial motion to dismiss Plaintiff's complaint and for a more definite statement, and request that the Court convene a pre-motion conference at its earliest convenience.

Plaintiff filed the Complaint on September 11, 2025, *see* ECF No. 1 ("Compl."), alleging that Epstein sexually assaulted her in New York in 2010 and in Paris in 2015. She asserts two causes of action under the Trafficking Victims Protection Act ("TVPA"), and claims for common-law battery and intentional infliction of emotional distress ("IIED"). *Id.* at ¶¶ 55-87. Plaintiff's common-law claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because they are time-barred. Plaintiff's claim for "exemplary damages" also cannot survive because it is well-established that such damages cannot be recovered from an estate. In addition, pursuant to Rule 12(e), the Court should order Plaintiff to file a more definite statement of her TVPA claims that includes the date of her alleged abuse in 2015 so that the Court can assess their timeliness.

***Plaintiff's Common-Law Claims Should Be Dismissed:*** Plaintiff's claims for battery and IIED are time-barred. The longest possible statute of limitations applicable to these claims is five years. *See* CPLR 213-c (2006–19) (statute of limitations for civil actions relating to certain sexual offenses).[1] Plaintiff's claims based on her alleged abuse in 2010 therefore expired in 2015. With respect to the alleged abuse in Paris in 2015, the Court must apply CPLR 202, New York's borrowing statute, to determine the applicable statute of limitations. Under CPLR 202, "where a plaintiff, not a resident of New York, sues upon a cause of action that arose outside of

---

[1] Other possible statutes of limitations are significantly shorter. *See, e.g.*, CPLR § 215(3) (one-year statute for battery); § 214(5) (three-year statute for intentional torts).

Hon. John G. Koeltl
October 3, 2025
Page 2

New York, a district court must apply the ***shorter*** limitations period of either: 1) New York; or 2) the state where the cause of action 'accrued.'" *SOCAR (Societe Cameroonaise d'Assurance et de Reassurance) v. Boeing Co.*, 144 F. Supp. 3d 391, 395 (E.D.N.Y. 2015).  Because, at best, the statute of limitations in New York is five years, *see* CPLR 213-c (2006–19), five years is the outer limit for the statute of limitations applicable to Plaintiff's common-law claims arising out of alleged conduct in Paris in 2015. Accordingly, these claims expired in 2020.

> ***Equitable Doctrines Do Not Apply:***  Knowing that her claims are time-barred, Plaintiff attempts to salvage them by asserting that, for all of her causes of action, any applicable statutes of limitation are "tolled due to the continuous and active deception, duress, threats of retaliation, and other forms of misconduct that Epstein and his co-conspirators used to silence his many victims, including Doe." Compl. ¶¶ 61, 73, 79, 86. She further alleges that "Epstein is equitably estopped from asserting a statute of limitations defense" because "Epstein and his co-conspirators intimidated each of his victims, including Doe, into silence by threatening their lives and their livelihoods." *Id.* ¶¶ 27, 62, 74, 80, 87. But equitable tolling is not available in state causes of action in New York, *Jane Doe 3 v. Indyke*, 2025 WL 2674235, at *2 (S.D.N.Y. Sept. 18, 2025), and in any event, Plaintiff's vague and conclusory allegations do not meet the "extraordinary" circumstances needed to justify the application of equitable tolling or equitable estoppel, *see Viti v. Guardian Life Ins. Co. of Am.*, No. 10CIV2908CMMHD, 2012 WL 13104413, at *9 (S.D.N.Y. Oct. 4, 2012) (equitable tolling "is to be employed only sparingly -- in 'extraordinary' and 'compelling' circumstances"), *report and recommendation adopted,* No. 10 CIV. 2908 ALC MHD, 2013 WL 6500515 (S.D.N.Y. Dec. 11, 2013); *MRE Tech. Sols. LLC v. Smiths Detection, Inc.*, 216 A.D.3d 430, 431 (1st Dep't 2023) ("Equitable estoppel is an extraordinary remedy").

> As Judge Subramanian recently explained in another case brought by Plaintiff's counsel against the Epstein's Estate, "'[i]t is . . . fundamental to the application of equitable estoppel for plaintiffs to establish that subsequent and specific actions by defendants somehow kept them from timely bringing suit.'" *Jane Doe 3*, 2025 WL 2674235, at *2 (quoting *Zumpano v. Quinn*, 6 N.Y.3d 666, 674 (2006)).  In that case, the court held that equitable estoppel did not apply to save Jane Doe 3's untimely claims because she "fail[ed] to point to any 'subsequent [or] specific actions'" that prevented her from timely bringing suit. *Id.* The same is true of Plaintiff's complaint. Plaintiff does not allege ***any*** specific actions taken by Epstein or any alleged co-conspirator that kept her from filing her Complaint until September 11, 2025. She does not plead details about any threats made against her, provides no information about how she was allegedly "intimidated . . . into silence," and does not address the fact that Epstein died in 2019 and therefore could not have committed any act of intimidation to prevent her from filing her lawsuit for the past ***six years*** (longer than the applicable statute of limitations). *See* Compl. ¶¶ 27, 40.

> Instead, Plaintiff offers only conclusory allegations of purported misconduct, which are not sufficient to meet her burden to plead facts to support the application of either equitable tolling or equitable estoppel. *See, e.g.*, *Carvel v. Durst*, No. 09 Civ. 6733(LAP)(GAY), 2013 WL 7766314, at *5 (S.D.N.Y. Oct. 11, 2013) ("Apart from plaintiff's conclusory statements, however, she alleges no facts which would justify the application of equitable estoppel or equitable tolling."), *report and recommendation adopted*, 2014 WL 787829 (S.D.N.Y. Feb. 25, 2014); *Sikhs*

Hon. John G. Koeltl
October 3, 2025
Page 3

*for Justice v. Gandhi*, No. 13 Civ. 4920 (BMC), 2014 WL 2573487, at \*5 (E.D.N.Y. June 9, 2014) ("[Plaintiff's] TVPA claims are plainly time-barred. The Amended Complaint gives absolutely no detail as to the alleged death threats that he received or when he received them."). Plaintiff's common-law claims must be dismissed.

   ***Plaintiff Cannot Seek "Exemplary" Damages***. Plaintiff seeks an award of "exemplary damages[.]" Compl. at 15. "Exemplary damages" is simply another term for punitive damages, *see* Damages, Black's Law Dictionary (12th ed. 2024), and it is well-established that Plaintiff cannot recover punitive damages against an estate for any of her claims. *See, e.g.*, *Jane Doe 3 v. Indyke*, 743 F. Supp. 3d 586, 601 (S.D.N.Y. 2024) (striking plaintiff's prayer for punitive damages against Epstein's estate); *Lisa Doe v. Indyke*, 465 F. Supp. 3d 452, 472 (S.D.N.Y. 2020) (dismissing punitive damages claim against Epstein's estate); *Mary Doe v. Indyke*, 457 F. Supp. 3d 278, 282 (S.D.N.Y. 2020) (same).

   ***The Court Should Order a More Definite Statement of Plaintiff's TVPA Claims:*** The Court should order Plaintiff to file a more definite statement of her TVPA claims pursuant to Rule 12(e) so that it may assess their timeliness. The statute of limitations for the TVPA claims is ten years. 18 U.S.C. § 1595(c). Plaintiff filed her Complaint on September 11, 2025. *See* ECF No. 1. Accordingly, for her TVPA claims to be timely, Plaintiff must allege that she was abused on or after September 11, 2015. Plaintiff does not do that; rather, she artfully pleads abuse "[i]n 2015," omitting the specific date. Compl. at ¶ 53. In such circumstances, where "'the movant shows that there actually is a substantial threshold question that may be dispositive, such as a critical date,' a more definite statement may be warranted." *In re Fosamax Prods. Liab. Litig.*, No. 06 MD 1789 JFK, 2013 WL 6669706, at \*2 (S.D.N.Y. Dec. 18, 2013) (quoting 5C Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1376 at 336 (3d ed.2004)). Here, the date of Plaintiff's alleged abuse is "critical" and "may be dispositive," since her TVPA claims are time-barred if her allegations took place before September 11, 2015. Moreover, Plaintiff is uniquely qualified to identify the date of her alleged abuse; she knows or could readily determine the date of the alleged abuse. It is not a fact that she needs discovery to ascertain. Therefore, as in *In re Fosamax Prods. Liab. Litig.*, requiring Plaintiff to plead the date of the alleged 2015 abuse "does not impose an unreasonable burden upon" her, and the Court should order her to do so. *Id.* at \*4; *see also Van Brunt v. Rauschenberg*, 799 F. Supp. 1467, 1472 (S.D.N.Y. 1992) (ordering plaintiff to file a new complaint pursuant to Rule 12(e) that included specific dates for claims where it was "difficult to ascertain whether or not they are barred by the applicable statute of limitations"); *Rock v. Rye Neck Union Free Sch. Dist.*, No. 08CIV4976CSPED, 2009 WL 10739922, at \*3 (S.D.N.Y. Feb. 6, 2009) (requiring a more definite statement of date under Rule 12(e)).

           Respectfully submitted,

           Daniel S. Ruzumna

cc: All counsel of record (via ECF)