UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANE DOE 4,<br><br>                    *Plaintiff*,<br><br>v.<br><br>DARREN K. INDYKE and RICHARD D. KAHN, in their capacities as the executors of the ESTATE OF JEFFREY EDWARD EPSTEIN,<br><br>                    *Defendants*. | Civil Action No. 1:25-cv-07570 (JGK) |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR
MOTION TO STRIKE THE DECLARATION OF DR. CHITRA RAGHAVAN
<u>OR, IN THE ALTERNATIVE, FOR LEAVE TO FILE A SUR-REPLY</u>**

**HUGHES HUBBARD & REED LLP**

Daniel H. Weiner, Esq.
Marc A. Weinstein, Esq.
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 837-6000
Email: daniel.weiner@hugheshubbard.com
Email: marc.weinstein@hugheshubbard.com
Fax: (212) 299-6874
Fax: (212) 299-6460

*Attorneys for Defendant Darren K. Indyke, in his capacity as co-executor of the Estate of Jeffrey Edward Epstein*

**PATTERSON BELKNAP WEBB & TYLER LLP**

Daniel S. Ruzumna, Esq.
Amy Vegari, Esq.
1133 Avenue of the Americas
New York, New York 10036
Telephone: (212) 336-2000
Email: druzumna@pbwt.com
Email: avegari@pbwt.com
Fax: (212) 336-1205
Fax: (212) 366-1297

*Attorneys for Defendant Richard D. Kahn, in his capacity as co-executor of the Estate of Jeffrey Edward Epstein*

## TABLE OF CONTENTS

| | Page |
|---|---:|
| PRELIMINARY STATEMENT | 1 |
| ARGUMENT | 2 |
| CONCLUSION | 4 |

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Aurora Loan Services, Inc. v. Posner, Posner & Assoc., P.C.*,
   513 F. Supp. 2d 18 (S.D.N.Y. 2007)......................................................................................2, 4

*Doe 1 v. United States*,
   732 F. Supp. 3d 291 (S.D.N.Y. 2024)........................................................................................3

*Doe v. Alexander*,
   25-cv-2077, 2025 WL 1637941 (S.D.N.Y. June 9, 2025)..........................................................3

*Doe v. Combs*,
   No. 23-cv-10628, 2024 WL 863705 (S.D.N.Y. Feb. 29, 2024) .............................................1, 3

*Doe v. Juan Gonzalez Agency Corp.*,
   No. 21-cv-00610, 2022 WL 3100669 (S.D.N.Y. Aug. 4, 2022)..................................................1

*Duracell U.S. Operations, Inc. v. Energizer Brands, LLC*,
   No. 25-cv-5020, 2025 WL 2388287 (S.D.N.Y. Aug. 18, 2025)..................................................4

*United States ex rel. Karlin v. Noble Jewelry Holdings Ltd.*,
   No. 08-cv-7826, 2012 WL 1228199 (S.D.N.Y. Apr. 9, 2012) ....................................................4

*Kravitz v. Binda*,
   No. 17-cv-07461, 2020 WL 927534 (S.D.N.Y. Jan. 21, 2020) ..................................................3

*Monaghan v. Airlines*,
   No. 16-cv-3528, 2018 WL 3682482 (E.D.N.Y. Aug. 2, 2018) ..................................................2

*Playboy Enters., Inc. v. Dumas*,
   960 F. Supp. 710 (S.D.N.Y. 1997).............................................................................................3

*Revise Clothing, Inc. v. Joe's Jeans Subsidiary, Inc.*,
   687 F. Supp. 2d 381 (S.D.N.Y. 2010)........................................................................................4

**Statutes and Rules**

Fed. R. Civ. P. 6(c)(2).......................................................................................................................2

Defendants Darren K. Indyke and Richard D. Kahn, in their capacities as co-executors of the Estate of Jeffrey Edward Epstein, submit this memorandum of law in support of their motion to strike the Declaration of Dr. Chitra Raghavan (ECF No. 21-1), submitted for the first time with Plaintiff Jane Doe 4's reply on her motion to proceed anonymously in this action (the "Raghavan Declaration"); or, in the alternative, for leave to file a sur-reply responding to Ms. Doe's new arguments based on the recently filed Raghavan Declaration.

## PRELIMINARY STATEMENT

A plaintiff seeking to litigate under a pseudonym based on the risk of mental harm from disclosure of their identity must meet a "heavy burden" to establish that harm. *Doe v. Juan Gonzalez Agency Corp.*, No. 21-cv-00610, 2022 WL 3100669, at *3 (S.D.N.Y. Aug. 4, 2022). Despite knowing that "courts in this Circuit look for corroboration from medical professionals" to meet that burden, *Doe v. Combs*, No. 23-cv-10628, 2024 WL 863705, at *3 (S.D.N.Y. Feb. 29, 2024), Ms. Doe made the strategic decision to file her motion to proceed anonymously without *any* evidentiary support for the proposition that she would suffer harm if her identity were disclosed. *See* ECF Nos. 9-11. Instead, she decided to exempt herself from carrying her evidentiary burden and informed the Court that she would submit an expert declaration "[i]f necessary," ECF No. 10 at 4, despite the fact that she had not even met Dr. Raghavan at the time she filed her motion and despite the basic legal principle that a movant's satisfaction of their evidentiary burden is not an iterative process.

It was only on reply—and only in response to Defendants' argument that Ms. Doe had failed to provide any medical corroboration of her claims—that she submitted the Raghavan Declaration, a four-page declaration from a psychologist that Ms. Doe met on two occasions, for an unspecified length of time, only *after* she filed her motion to proceed anonymously and reassured the Court that she would provide an expert declaration from *someone*. Ms. Doe's

preemptive reassurance to this Court—offered before she had ever met with Dr. Raghavan—calls into serious question the reliability of the Raghavan Declaration as an actual medical assessment of Ms. Doe, rather than a strategic litigation document prepared to "check the box" and meet the anonymity standard.

Ms. Doe relies exclusively on the Raghavan Declaration to support her argument that her "need to remain anonymous" is "corroborated." ECF No. 21 at 1, 5, 6. But she offers no excuse for her failure to submit any evidence from Dr. Raghavan or anyone else in her moving papers, as she was required to do. Ms. Doe's decision not to attempt to meet her burden until her reply—and to thereby deprive Defendants of an opportunity to respond to the evidence on which she relies—is gamesmanship that the Court should not countenance. Accordingly, the Court should strike the Raghavan Declaration. However, should the Court decide to consider the Raghavan Declaration despite its late and improper submission, Defendants request, in the alternative, leave to file a sur-reply in the form attached as Exhibit A.

## ARGUMENT

Federal Rule of Civil Procedure 6(c)(2) provides that "[a]ny affidavit supporting a motion must be served with the motion." A plaintiff who had "the initial burden in moving . . . may not add new materials simply because defendant pointed out that [the plaintiff] has not met its burden"; such a situation would "inappropriately allow plaintiff a second bite at the . . . apple." *Aurora Loan Services, Inc. v. Posner, Posner & Assoc., P.C.*, 513 F. Supp. 2d 18, 20 (S.D.N.Y. 2007); *see also Monaghan v. Airlines*, No. 16-cv-3528, 2018 WL 3682482, at *4 (E.D.N.Y. Aug. 2, 2018) ("It is plainly improper to submit on reply evidentiary information that was available to the moving party at the time that it filed its motion and that is necessary in order for that party to meet its burden."). Thus, "[a] court may strike portions of reply submissions that add new material that should have been included in the opening papers." *Kravitz v. Binda*, No. 17-cv-

07461, 2020 WL 927534, at *4 (S.D.N.Y. Jan. 21, 2020) (granting motion to strike declarations filed on reply); *see also Playboy Enters., Inc. v. Dumas*, 960 F. Supp. 710, 720 n.7 (S.D.N.Y. 1997) ("[a]rguments made for the first time in a reply brief need not be considered by a court").

The Court is in precisely that situation here. Ms. Doe filed a motion to proceed anonymously, arguing that she would suffer harm if required to disclose her identity, but offering no evidentiary support for that argument. *See* ECF No. 10 at 4-5. She deliberately chose not to include any declarations with her motion or provide medical corroboration of any kind—despite well-established law that courts require "corroboration from medical professionals that detail the risk to plaintiff." *Doe v. Combs*, 2024 WL 863705, at *3; *see also Doe v. Alexander*, 25-cv-2077, 2025 WL 1637941, at *3 (S.D.N.Y. June 9, 2025) (denying motion to proceed anonymously in the absence of "corroboration from medical professionals" of alleged psychological harm); *Doe 1 v. United States*, 732 F. Supp. 3d 291, 297 (S.D.N.Y. 2024) (denying motion to proceed anonymously because "[w]ithout corroboration from medical professionals . . . [plaintiffs'] general allegations of potential trauma are mere speculation").

It was only after Defendants pointed out that Ms. Doe failed to meet her burden to establish particularized harm (ECF No. 17 at 5-7) that she chose to submit purportedly corroborating medical evidence on reply—knowing that Defendants would not have an opportunity to respond to it and point out the myriad deficiencies in the Raghavan Declaration. Ms. Doe's reply papers are devoid of any explanation as to why she did not submit a medical declaration with her opening papers, or why she chose to file her motion despite not possessing any corroborating evidence from a medical professional, given that she did not even meet Dr. Raghavan until *after* she filed her motion.

Under these circumstances, allowing Ms. Doe another bite at the apple—when she made

3

the strategic decision not to submit the Raghavan Declaration initially—is unfair and would only reward gamesmanship. *See Aurora Loan Services*, 513 F. Supp. 2d at 20 (finding that allowing a defendant to submit a sur-reply would not "cure[ ] any error because it again allows plaintiff an additional chance to meet its burden . . . and also creates opportunities for gamesmanship in motion practice"); *see also United States ex rel. Karlin v. Noble Jewelry Holdings Ltd.*, No. 08-cv-7826, 2012 WL 1228199, at *5 (S.D.N.Y. Apr. 9, 2012) (declining to consider evidence submitted for the first time in reply because it would be "fundamentally unfair to the defendants"). To avoid that result, the Court should strike the Raghavan Declaration.

To the extent the Court is nevertheless inclined to consider the Raghavan Declaration, Defendants should have an opportunity to respond to that new evidence by submitting a sur-reply addressing the deficiencies in the Raghavan Declaration that render it insufficient to support Ms. Doe's request for the extraordinary relief of proceeding anonymously in this action. *See, e.g.*, *Duracell U.S. Operations, Inc. v. Energizer Brands, LLC*, No. 25-cv-5020, 2025 WL 2388287, at *2 (S.D.N.Y. Aug. 18, 2025) ("[W]here new evidence or arguments are presented in a party's reply brief or affidavit in further support of its motion, district courts should generally permit the nonmoving party to respond to the new matters prior to disposition of the motion."); *Revise Clothing, Inc. v. Joe's Jeans Subsidiary, Inc.*, 687 F. Supp. 2d 381, 387 (S.D.N.Y. 2010) (allowing consideration of affidavit improperly served on reply only because defendant "ha[d] submitted a surreply and also had the opportunity to present evidence at the evidentiary hearing" in response to that affidavit).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court strike the Raghavan Declaration or, in the alternative, grant Defendants leave to file a sur-reply on Ms. Doe's motion to proceed anonymously.

Dated: New York, New York
October 9, 2025

| | |
|---|---|
| */s/ Daniel H. Weiner* | */s/ Daniel S. Ruzumna* |
| Daniel H. Weiner, Esq.<br>Marc A. Weinstein, Esq.<br>HUGHES HUBBARD & REED LLP<br>One Battery Park Plaza<br>New York, New York 10004<br>Telephone: (212) 837-6000<br>daniel.weiner@hugheshubbard.com<br>marc.weinstein@hugheshubbard.com<br><br>*Attorneys for Defendant Darren K. Indyke, in his capacity as co-executor of the Estate of Jeffrey Edward Epstein* | Daniel S. Ruzumna, Esq.<br>Amy Vegari, Esq.<br>PATTERSON BELKNAP WEBB & TYLER LLP<br>1133 Avenue of the Americas<br>New York, New York 10036<br>Telephone: (212) 336-2000<br>druzumna@pbwt.com<br>avegari@pbwt.com<br><br>*Attorneys for Defendant Richard D. Kahn, in his capacity as co-executor of the Estate of Jeffrey Edward Epstein* |

## CERTIFICATION OF COMPLIANCE

Pursuant to Section III.D of the Individual Practices of Judge John G. Koeltl, I hereby certify that the foregoing memorandum of law contains 1,331 words, exclusive of the cover page, certification of compliance, table of contents, and table of authorities, and complies with the word count limit and formatting rules under Section III.D.

*/s/ Daniel H. Weiner*
Daniel H. Weiner
