

October 16, 2025

**VIA ECF**

The Hon. John G. Koeltl
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 15A
New York, NY 10007

      Re:    *Jane Doe 4 v. Indyke et al.*, Case No. 25-cv-07570-JGK

Dear Judge Koeltl:

On behalf of Plaintiff, Jane Doe 4, we write in response to Defendants' October 3 letter, Dkt. 20. From 2010 through 2015, Plaintiff was trafficked in New York and Paris and abused by Jeffrey Epstein from her home country in Central Asia when she was a young student. Epstein not only abused and trafficked Doe for his sexual gratification, but also manipulated her in an attempt to conceal his wrongdoing, preventing her from recognizing the full extent of the harm he caused and the illegality of his conduct. For years, Plaintiff has suffered from the consequences of the manipulation and abuse that she suffered at the hands the world's most notorious sex trafficker. Plaintiff is entitled to relief and Defendants' arguments under Rule 12 are meritless.

**I.    Plaintiff's state law claims are timely.**

Defendants' argument that Plaintiff's claims are untimely is premature at the motion to dismiss stage. Evaluating Defendants' argument requires an assessment of fact issues that is improper prior to discovery. "[W]hen plaintiffs raise an equitable tolling argument, a court must deny a motion to dismiss based on the statute of limitations 'unless all assertions of the complaint, as read with required liberality, would not permit the plaintiffs to prove that this statute was tolled.'" *In re S. Afr. Apartheid Litig.*, 617 F. Supp. 2d 228, 287 (S.D.N.Y. 2009); *see also Bensky v. Indyke*, 743 F. Supp. 3d 586, 602 (S.D.N.Y. 2024) ("equitable doctrines are inherently fact-bound and are rarely fit for a motion to dismiss") (citations omitted); *Wang v. Enlander*, 2018 WL 1276854, at *4 (S.D.N.Y. Mar. 6, 2018) ("[A] claim may be dismissed based on the statute of limitations only if it is clear on the face of the complaint that the claim is untimely as a matter of law.") (citation omitted). Cases that Defendants rely on prove this point, where courts waited until summary judgment when there was a sufficient factual record to determine whether plaintiffs' claims were timely. *See Doe 3 v. Indyke*, 2025 WL 2674235, at *2 (S.D.N.Y. Sept. 18, 2025); *Viti v. Guardian Life Ins. Co. of Am.*, 2012 WL 13104413, at *6 (S.D.N.Y. Oct. 4, 2012) (recognizing that "a showing of equitable tolling is highly case-specific" and requires "a record sufficient to determine whether equity would mandate that the running of the statute be deemed paused").

Plaintiff adequately pleads that Defendants should be estopped from asserting any statute of limitations defense applicable to her state law claims. A defendant is estopped from pleading a statute of limitations defense where the defendant conceals that the plaintiff has a cause of action. *See City of Almaty v. Sater*, 503 F. Supp. 3d 51, 68 (S.D.N.Y. 2020) (allegations of "a broad pattern of deceptive conduct" sufficed to plausibly allege equitable estoppel); *Dupuis v. Van Natten*, 61 A.D.2d 293, 295 (3d Dep't 1978) ("If the representations or conduct of the defendants misled the



plaintiffs, even innocently, this is enough.").[1] Plaintiff alleges that she was manipulated and intimidated by Epstein. Compl. ¶¶ 2, 34. After abusing his victims, "Epstein and his co-conspirators continued to manipulate the victims, using their financial power, promises, and threats to ensure that the victim returned as directed and remained compliant with their demands." *Id.* ¶ 35. "Epstein conspired with others and hired staff to maintain and keep secret this network of sexual abuse for years." *Id.* ¶ 6. Epstein's conduct involved a deliberate and sustained scheme of concealment, coercion, and manipulation that was designed to prevent his victims like Plaintiff from understanding their injuries and from seeking justice without fear of retaliation. These allegations sufficiently support Plaintiff's equitable estoppel argument at this early stage.

### II.     Plaintiff is not seeking punitive damages.

Plaintiff is not pursuing a claim for punitive damages against the Estate, her complaint does not mention punitive damages, and Plaintiff can confirm that she is not seeking that via stipulation at the January 7 initial pre-trial conference. Defendants' anticipated motion on this ground based on the word "exemplary" is unnecessary. It would be wasteful of judicial resources for Defendants to file a motion to "dismiss" a characterization of Plaintiff's damages that only exists in the Complaint's prayer for relief and is not genuinely in dispute.

### III.    Plaintiff adequately pleads her TVPA claims.

Resolution of Plaintiff's TVPA claims is premature for the reasons stated above concerning her state law claims, as the doctrines of equitable tolling and equitable estoppel apply equally to federal claims. Plaintiff pleads that she was abused from 2010 through 2015. Nothing further is required under Rule 8, and Defendants' arguments concerning Rule 12(e) are meritless. "A Rule 12(e) motion is not granted lightly. In view of Rule 8(a)'s liberal pleading requirements, and the availability of discovery to provide additional factual detail for the parties' claims, motions under Rule 12(e) are generally disfavored because of their dilatory effect." *Sulaiman v. Laram*, 2017 WL 11659746, at *8 (S.D.N.Y. Apr. 4, 2017) (citation omitted). "Rule 12(e) is designed to remedy unintelligible pleadings, not merely to correct for lack of detail." *Id.* "If the complaint is sufficiently clear, the motion must be denied." *Marguardt-Glenn Corp. v. Lumelite Corp.*, 11 F.R.D. 175, 177 (1951). "Defendant may employ the discovery procedures contained in the Rules to obtain additional information as to the claim, but discovery is not the purpose of Rule 12(e)." *Id.* (citation omitted).

None of Defendants' cases are to the contrary. *In re Fosamax Products Liability Litigation*, 2013 WL 6669706 (S.D.N.Y. Dec. 18, 2013) was an MDL brought by plaintiffs who claimed that a drug caused them to suffer from an adverse health condition. The Court did not require the

---

[1] Defendants' cases are inapposite. The conduct in *Sikhs for Justice v. Gandhi*, 2014 WL 2573487, at *5 (E.D.N.Y. June 9, 2014), occurred almost thirty years prior and the amended complaint only contained vague allegations of death threats at some point over those thirty years. In *Carvel v. Durst*, 2013 WL 7766314, at *5 (S.D.N.Y. Oct. 11, 2013), plaintiff merely alleged that she demonstrated reasonable care and diligence and did not allege "any affirmative misconduct on the part of a defendant—or anyone else—which would warrant the application" of equitable estoppel or equitable tolling. In *MRE Tech. Sols. LLC v. Smiths Detection, Inc.*, 216 A.D.3d 430, 431 (1st Dep't 2023), the complaint's basis for equitable estoppel was simply that the "defendant refused to negotiate towards the resolution of the parties' dispute."



plaintiffs to plead a specific date but rather to plead some allegations to show that they took the medication during the relevant time period. Requiring a plaintiff to plead the "period of ingestion" of medication is very different from requiring a sexual abuse victim to plead the exact date when she was abused. In *Van Brunt v. Rauschenberg*, 799 F. Supp. 1467, 1472 (S.D.N.Y. 1992), the Court only required the plaintiff to re-plead after appearing before the Court for the second time with vague allegations about a contract claim. And *Rock v. Rye Neck Union Free School District*, 2009 WL 10739922, at *2 (S.D.N.Y. Feb. 6, 2009) is a defamation case, where the court noted there were "specific pleading requirements under New York law" to put Defendants on notice.

  Defendants are also wrong that Plaintiff cannot claim damages for any conduct that occurred prior to September 11, 2015. As long as Plaintiff was trafficked within the past ten years, the continuing-violation doctrine applies and reaches any conduct from prior to that date. "The continuing violation doctrine provides that '[w]hen a plaintiff experiences a continuous practice and policy [that violates his or her rights], . . . the commencement of the statute of limitations period may be delayed until the last [violation].'" *Doe 3*, 2025 WL 2674235, at *5 (citation omitted). Courts have held that the continuing violation doctrine applies to TVPA claims. *Schneider v. OSG, LLC*, 2024 WL 1308690, at *5 (E.D.N.Y. Mar. 27, 2024) ("Courts have held that the [TVPA] involves a continuing tort, and that a single act occurring within the limitations period will preserve a claim based on all acts that were part of a single pattern.") (citations omitted).

  Further, Plaintiff pleads facts to show that Defendants should be estopped from asserting any statute of limitations defense or any statute of limitations defense applicable to her TVPA claims should be tolled. At this stage, it is too early for the Court to resolve the fact-specific question of Defendants' statute of limitation defense. Even so, for the same reasons that Defendants should be equitably estopped from asserting a statute of limitations defense to Plaintiff's state law claims, they should be estopped from asserting a statute of limitations defense as to her TVPA claims.

  Additionally, equitable tolling applies to Plaintiff's federal claims under the TVPA. *Wang*, 2018 WL 1276854, at *4. A defendant's threats to retaliate against a plaintiff if she files a claim against him can justify tolling. *Doe v. United States*, 76 F.4th 64, 72 (2d Cir. 2023). Courts have "recognized that the psychological impact of long-term or extreme sexual abuse can constitute an extraordinary circumstance that prevents a victim from coming forward even for some time after the abuse has ceased." *Id.* Plaintiff adequately alleges, and will show through discovery, that she has suffered psychological trauma as a result of the abuse that she suffered at the hands of Epstein. Compl. ¶¶ 59, 70, 78, 85. Defendants cannot justify their request for a more definite statement under Rule 12(e).

             Respectfully submitted,

             */s/* Sigrid S. McCawley
             Sigrid S. McCawley